IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
March 6, 2012 Session

**JANESSA R.K.B.E. and KYLE L.E.**

**Appeal from the Circuit Court for Knox County**
**No. 3-58-11     Hon. Wheeler Rosenbalm, Judge**

**No. E2011-01254-COA-R3-CV-FILED-APRIL 9, 2012**

Petitioners petitioned the Trial Court to adopt three children.  The Trial Court, upon hearing
the evidence, held that the adoptive parents had met all the legal requirements to adopt the
children and that it was in the best interest of the children for the petitioners to adopt them.
Following the adoption order, one of the children's grandmother filed a motion in the Trial
Court seeking Tenn. R. Civ. P. 60 relief.  The Trial Court overruled the grandmother's motion
and the grandmother appealed to this Court.  We hold the grandmother was not a necessary
party at the proceedings, did not seek to intervene in the adoption proceedings, and was not
entitled to seek relief under the Rule 60 motion.  We affirm the Judgment of the Trial Court.

**Tenn.  R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which  D. MICHAEL
SWINEY, J., and JOHN W. MCCLARTY, J., joined.

Danny C. Garland, Knoxville, Tennessee, for the appellant, Ruth Cummins.

N. David Roberts, Jr., Knoxville, Tennessee, for the appellees, Terry Christopher Epling and
Pamela Diane Epling.

**OPINION**

Petitioners, Terry and Pamela Epling, filed a Petition to Adopt Janessa K, Kyle B., and
Cheyanne N., in the Knox County Circuit Court on February 9, 2011.  Petitioners averred that

the Tennessee Department of Children's Services had complete guardianship of the children through a termination of parental rights, and had the right to place the children for adoption and consent to the adoption. Petitioners stated that they were the foster parents of the children, and the children were living with them and had been since June 11 , 2010. Petitioners stated that there had been full compliance with the law regarding proper consent to adoption and termination of parental rights, and that those documents would be filed by the Department of Children's services as part of its home study/court report. Petitioners concluded by asking the Court to be allowed to adopt the children and have their last names formally changed to Epling.

The Court entered an Order of Reference directing that a home study be performed, and on March 2, 2011, the Court entered a Final Order of Adoption, stating that all necessary parties were before the Court, that DCS was acting in loco parentis for the children and had joined in the cause for the purpose of giving consent to the adoption, and that no one else was required to be notified. The Court found that everything necessary to proceed with the adoption and parental termination had been completed as reflected in the home study, and that the six-month waiting period could be waived because the children had been living with petitioners for more than six months. The Court concluded that the petitioners were fit persons to have the care and custody of the children, and that adoption was in the children's best interests, and thus granted the adoption.

On March 25, 2011, Ruth Cummins, who alleged that she was the paternal grandmother of the child Janessa, filed a Motion to Set Aside Order of Adoption pursuant to Tenn. R. Civ. P. 60 "and any other applicable rule". She alleged that Janessa's biological father passed away on April 7, 2008, and that her biological mother surrendered her parental rights on November 3, 2010. Cummins alleged that DCS obtained custody of the children on May 17, 2010, in the Knox County Juvenile Court, and that she filed a *pro se* petition seeking custody in that court on May 25, 2010.

Cummins alleged that she later filed a motion seeking grandparent visitation on November 23, 2010, in the Knox County Juvenile Court, and that her motion had been set to be heard on March 7, 2011, along with her petition for custody, but the adoption was granted before she had her hearing. Cummins sought to have the Final Order of Adoption set aside, and asked for a hearing on her petitions.

The Eplings filed a Response, denying that Cummins had standing to challenge the Final Order of Adoption because she was not a party to the proceedings, and that she had no guardianship/custodial rights nor right to notice.

The Court held a hearing on April 29, 2011, and entered an Order Overruling the

Motion to Set Aside Order of Adoption, and found that it could not grant any relief to Cummins under Tenn. R. Civ. P. 60, nor that it could grant her any relief under relevant Tennessee statutory law.

Cummins appealed and presents these issues on appeal (no transcript was filed in the record):

1.  Whether the Trial Court erred in entering a Final Order of Adoption where Cummins, who was a party in the Juvenile Court action, was not afforded notice and an opportunity to participate?

2.  Whether the Petition to Adopt is fatally flawed in that the father's rights were never terminated nor surrendered?

3.  Whether the adoption should be set aside as DCS' authority to place the children for adoption was void as a matter of law?

On appeal, Cummins insists that she should have been given notice of the adoption proceedings and an opportunity to participate. She also asserts that because the biological father's rights were never terminated nor surrendered, the Petition to Adopt is fatally flawed, and DCS never had full authority to place the children for adoption.

Cummins admits that her son, the biological father of Janessa, died on April 7, 2008, and that Janessa's biological mother subsequently surrendered her parental rights. She asserts, however, that the mother's surrender was not sufficient to grant DCS the right to consent to adoption of the children, because the father's rights were never surrendered or terminated. This argument is without merit, as parental rights obviously terminate upon a parent's death. *In re CAF*, 114 S.W.3d 524 (Tenn. Ct. App. 2003)("An adoption petition may be preceded by the death of parents, a termination of parental rights, or a surrender of those rights.") The adoption statute expressly states that, "death of the consenting parent or termination of parental rights of such parent by a validly executed surrender or by court action prior to the entry of the adoption order will make any requirements for the parental consent contained herein unnecessary." Tenn. Code Ann. § 36-1-117(g)(5).

The remaining issue is whether Cummins was entitled to notice and/or an opportunity to participate in the adoption proceedings. The Eplings assert that she was not, and further, have sought a ruling that her appeal should be dismissed because she was not a party to the proceedings below.

Cummins counters that she had sought visitation and custody in the Knox County

Juvenile Court, but the record is devoid of any allegation that she had been granted either. In fact, she admits in her Motion that her petitions were pending and had never been heard. Accordingly, she was not one of the listed persons entitled to participate in the adoption proceedings pursuant to Tenn. Code Ann. §36-1-117, which states that only "the legal parents, guardian of the person of the child or of an adult, the biological mother, and the established father or putative father of the child must be made parties to the adoption proceeding". That provision goes on to state that "[o]ther biological or legal relatives of the child or the adult are not necessary parties to the proceeding and shall not be entitled to notice of the adoption proceedings unless they are legal guardians as defined in §36-1-102 or legal custodians of the person of the child or adult at the time the petition is filed." Tenn. Code Ann. §36-1-117(d)(1). In this case, Cummins was neither a legal guardian nor custodian.

Finally, Cummins argues that she should have been given notice and an opportunity to participate based on her status as grandparent. As this Court ruled in *In re Adoption of Taylor*, 678 S.W.2d 69 (Tenn. Ct. App. 1984), biological grandparents are not entitled to notice of adoption proceedings concerning a grandchild, and are not entitled to intervene as a matter of right in those proceedings. However, Cummins further argues that if the proceedings in Knox County Juvenile Court had been properly transferred to the Circuit Court, as the statute requires, then she would have been a proper party to the adoption proceedings. What the statute requires, however, is that "any proceedings that may be pending seeking the custody or guardianship of the child or visitation with the child who is in the physical custody of the petitioners on the date the petition is filed, . . . shall be suspended pending the court's orders in the adoption proceeding, and jurisdiction of all other pending matters concerning the child . . . shall be transferred to and assumed by the adoption court; provided, that until the adoption court enters any orders affecting the child's custody or guardianship as permitted by this part, all prior parental or guardian authority, prior court orders regarding custody or guardianship, or statutory authority concerning the child's status shall remain in effect." Tenn. Code Ann. §36-1-116(f)(2). The statute further states that the adoption court has "exclusive jurisdiction of all matters pertaining to the child". Tenn. Code Ann. §36-1-116(f)(1).

As this Court has previously explained, adoptions are "governed by statutes which are in derogation of the common law", and must be strictly construed. *In re Adoption of Taylor*, 678 S.W.2d 69 (Tenn. Ct. App. 1984). We are required to strictly construe the provisions outlined above governing who is necessary to be a party to adoption proceedings and who is entitled to notice. *See* Tenn. Code Ann. §36-1-117. As a grandparent with no custodial or guardianship rights, Cummins was not entitled to notice of the adoption proceedings, nor

-4-

was she entitled to be made a party.[1]

Moreover, Tenn. R. Civ. P. 60 is designed to correct errors in judgments and is to be utilized by a "party" or a "party's legal representative". Cummins was not a party to the adoption proceedings and thus, the Trial Court correctly ruled that it could not grant her any relief pursuant to Tenn. R. Civ. P. 60.

The Judgment of the Trial Court is affirmed and the cause remanded, with the cost of the appeal assessed to Ruth Cummins.

_____
HERSCHEL PICKENS FRANKS, P.J.

---

[1] Cummins did not seek intervention in the adoption proceeding.